UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

WILLIAM FRINTZILAS and ANGELO POZZUTO,
Individually and On Behalf of All Others Similarly
Situated,

                                            Civil Action No.:

                     Plaintiffs,

              -against-

DIRECTV, LLC and MAS TEC, INC.,

                  Defendants.
_____

## CLASS ACTION COMPLAINT

Plaintiffs, individually, and on behalf of all others similarly situated, upon knowledge as to themselves and upon information and belief as to all other matters, as and for their Complaint against Defendants, allege as follows:

## NATURE OF CLAIMS

1.    Plaintiffs bring this action individually, and on behalf of all similarly situated persons and/or entities ("Landlords") that own and lease residential dwelling unit properties ("RDU's") in the State of New York, upon which Defendants, by their agents, servants and/or employees have, on at least one occasion during the applicable statutory period, without first receiving prior written or verbal Landlord authorization and/or permission, installed DIRECTV equipment on the roof and/or exterior walls of said RDU.  Plaintiffs seek injunctive relief, compensatory, consequential and punitive damages; costs and reasonable attorney's fees.

2.      Plaintiffs allege violations of §349 of the New York General Business Law and seek injunctive relief, actual/compensatory damages, costs and reasonable attorney's fees for Defendants' deceptive business practices and violations of public policy, as herein alleged.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this class action pursuant to 18 U.S.C. §1332(d), which under the provisions of the Class Action Fairness Act ("CAFA") explicitly provides for the original jurisdiction of the Federal Courts in any class action in which any member of the plaintiff class is a citizen of a State different from any defendant, and in which the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

4.      Plaintiffs allege that the total claims of individual class members in this action are well in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, as required by 28 U.S.C. §§ 1332(d)(2), (5).

5.      Plaintiffs are Citizens of New York.  DIRECTV is a Citizen of California; MAS TEC, INC., is a citizen of Florida.  Thus, any member of the proposed class is a citizen of a state different than any Defendant.

6.      Diversity of citizenship exists under CAFA, as required by 28 U.S.C. §§ 1332(d) (5) (B).

7.      The total approximate number of members of the proposed Plaintiff Class is 75,000 persons/entities.

8.     Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. §§ 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendants are subject to personal jurisdiction in this District.

THE PARTIES

9.     DIRECTV, LLC, ("DIRECTV") is a California limited liability corporation with its principal place of business located at 2230 East Imperial Highway, El Segundo, CA 90245.

10.     DIRECTV actively transacts and is doing business in the State of New York.

11.     MAS TEC, INC., ("MAS TEC") is a Florida corporation with its principal place of business located at 800 S. Douglas Road, Coral Gables, FL 33134.

12.     MAS TEC actively transacts and is doing business in the State of New York.

13.     Plaintiff, WILLIAM FRINTZILAS, is a citizen and resident of Glen Cove, New York 11542.

14.     Plaintiff, ANGELO POZZUTO, is a citizen and resident of Mahopac, New York 10541.

15.      At all relevant times, Plaintiff FRINTZILAS was the owner and landlord of an RDU located at 35 Katherine Street, Locust Valley, New York 11560.

16.     At all relevant times, Plaintiff FRINTZILAS was the owner and landlord of an RDU located at 35 13th Street, Locust Valley, New York 11560.

17.     At all relevant times, Plaintiff FRINTZILAS was the owner and landlord of an RDU located at 10 Robert Road, Glen Cove, New York 11542.

18.     At all relevant times, Plaintiff FRINTZILAS was the owner and landlord of

an RDU located at 12 Forest Avenue, Glen Cove, New York 11542.

19.     At all relevant times, Plaintiff POZZUTO was the owner and landlord of an

RDU located at 1772 Hanover Street, Yorktown Heights, New York 10598.

## STATEMENT OF MATERIAL FACTS

20.     At all relevant times, DIRECTV has been engaged in the marketing and sales

of DIRECTV satellite television service and the leasing and installation of

DIRECTV antennae such as a satellite dish and or other equipment designed for

over-the-air reception of television broadcast signals ("Equipment") in the State of

New York.

21.     DIRECTV is a leading provider, in New York, of digital television

entertainment programming via satellite to residential and commercial subscribers.

22.     DIRECTV's digital entertainment programming is provided to subscribers by

means of the Equipment that it licenses/leases to its subscribers and installs upon

the RDU in which the subscriber rents and resides.

23.     MAS TEC is a specialty contractor providing installation fulfillment services

to DIRECTV and other companies specializing in the telecommunications,

broadband cable, wireless, and satellite industries.

24.     MAS TEC is one of the largest DIRECTV installation and service companies

in the United States, serving over 200,000 customers each month.

25.    At all relevant times, MAS TEC had a contractual relationship with DIRECTV to install DIRECTV equipment at Plaintiffs' MDU property and at or on other MDUs, located elsewhere in Connecticut.

26.    The contracts between DIRECTV and MAS TEC specify the nature of the satellite dish installation services they are to provide, and establish policies and procedures to which MAS TEC technicians must adhere.

27.    Satellite system equipment installed by MAS TEC, pursuant to these contracts, is provided and/or sold to MAS TEC by DIRECTV.

28.    DIRECTV satellite system equipment is installed by MAS TEC at the places of residence of DIRECTV customers/subscribers.

29.    DIRECTV requires all prospective MAS TEC technicians to pass a criminal background check and drug screening test before working on behalf of DIRECTV.

30.    DIRECTV directs MAS TEC technicians to specific work sites and details the timeframe in which jobs must be completed.

31.    DIRECTV monitors the location of MAS TEC technicians, specifies the time at which they are supposed to arrive at appointments, and regularly evaluates completed work to ensure that it meets DIRECTV standards.

32.    DIRECTV determines the number of its customers that will be serviced by MAS TEC technicians on any given day and the rate at which they are paid for each job.

33.    In accordance with the Federal Communication  Commission's Second Report and Order, In the Matter of Implementation of Section 207 of the

Telecommunications Act of 1996, Restrictions on Over-the-Air Reception Devices ,
1998 WL 888546 (1998), 47 C.F.R. 1.4000(d) a tenant does not have direct or
indirect control over the exterior walls or roof of an MDU, which are common or
restricted areas, and therefore the Regulation does not authorize installation of
Equipment in those areas without consent of the Landlord. In particular, the
Second Report and Order makes clear that DIRECTV cannot drill holes in an
exterior wall or roof of an MDU without consent of the Landlord.

34.    As a requirement of FCC rule and regulation, Defendants were required to
secure the prior verbal or written consent of the Plaintiffs- landlord/owners, before
drilling holes in the exterior walls or roofs of their New York RDUs and
permanently affixing DIRECTV Equipment thereto.

35.    Instead, as a prerequisite for installation of the Equipment DIRECTV
requires its subscribers to execute a written permission form, representing that the
tenant has secured verbal permission/authorization from their landlord.

36.    MAS TEC technicians were required to secure from DIRECTV subscribers,
an executed written permission form as a pre-requisite for installation of the
Equipment

37.    MAS TEC technicians are trained not to seek verbal/written approval and
consent for installation, directly from landlords.

38.    The leases between Plaintiffs and their tenants at the subject RDUs prohibit
the installation of satellite dishes, including DIRECTV Equipment, on roofs and/or
exterior walls of the subject MDUs.

39.    Defendants had constructive/actual knowledge that the leases between Plaintiffs and their tenants prohibit the installation of DIRECTV Equipment on roofs and/or exterior walls of the subject RDUs, but ignored this prohibition.

40.    At all relevant times, herein, Defendants did not require Tenant-subscribers to produce any evidence of prior Landlord approval to install DIRECTV system Equipment.

41.    At all relevant times, herein, Defendants did not require Tenant-subscribers to produce any evidence that the subject lease or rental agreement did not have any prohibitions in connection with installation of DIRECTV system Equipment on roofs and/or exterior walls of the subject RDUs.

42.    DIRECTV caused the installation of DIRECTV equipment on roofs and/or exterior walls of the RDUs owned by Plaintiffs and putative members of the Class, on the mere representation of any Tenant-subscriber and/or family member over the age of 18 years, that "DIRECTV System installation at (address) has been verbally approved by my landlord (or is not required pursuant to my lease or rental agreement.)"

43.    MAS TECH installed DIRECTV equipment on roofs and/or exterior walls of RDUs owned by Plaintiffs and putative members of the Class, on the mere representation of the Tenant-subscriber and/or family member over the age of 18 years that "DIRECTV System installation at (address) has been verbally approved by my landlord (or is not required pursuant to my lease or rental agreement.)"

44.     MAS TECH installed DIRECTV equipment on roofs and/or exterior walls of the RDUs owned by Plaintiffs and putative members of the Class, without any knowledge, one way or the other, whether Plaintiff Landlords and putative members of the class had authorized such installation.

45.     During all relevant times, herein, Defendants, by their agents, servants and/or employees knowingly and intentionally violated the above-referenced FCC rules and regulations, by drilling holes in the exterior walls or roofs of New York RDUs and permanently affixing DIRECTV Equipment thereto, without the prior verbal or written consent of the Plaintiffs-Owners and putative members of the Class.

46.     Defendants have circumvented FCC regulations and violated public policy by performing installation of the DIRECTV Equipment on roofs and exterior walls of RDUs without securing prior written/verbal permission from the Plaintiffs-Landlords and/or putative class members.

47.     At all relevant times, herein, Defendants never paid any fees and/or other monetary consideration to Plaintiffs or putative members of the Class, for the use/occupancy/installation of DIRECTV system Equipment in or on the roofs and exterior walls of RDUs owned by Plaintiffs-Landlords or putative members of the Class.

48.     At all relevant times, herein, upon the termination of tenant subscriptions to its satellite television service, DIRECTV abandons its Equipment permanently affixed to roofs and exterior walls of RDUs, requiring Plaintiffs-Landlords and

putative Class members to expend their own time, money and resources to remove the Equipment and repair the RDU at the site of affixation.

## CLASS ACTION ALLEGATIONS

49.    Plaintiffs incorporate all preceding paragraphs of this complaint as if fully set forth herein.

50.    This action is brought and may be properly maintained as a Class action pursuant to The Class Action Fairness Act, 28 U.S.C. § 1332.

51.    This action has been brought and may properly be maintained as a class action against Defendants pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

52.    Plaintiffs bring this action on behalf of themselves and all others similarly situated, and seek certification of a Class, defined as:

All persons and/or entities ("Landlords") that own and lease residential dwelling units ("RDU's") in the State of New York, upon which Defendants, by their agents, servants and/or employees have, on at least one occasion during the applicable statutory period, without first receiving prior written Landlord authorization and/or permission, installed and affixed DIRECTV equipment on the roof and/or exterior walls of said RDU.

53.    The following are excluded from the Class: any person or entity in which Defendants have a controlling interest; the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and their assigns of any such person or entity, together with any immediate family member of any officers, directors, employee of said persons and/or entities.

54.     The proposed Class Period is the time beginning three (3) years prior to the date of filing of this Class Action Complaint, and extending to the date of prospective entry of Judgment for the Class.

55.     Numerosity: Plaintiffs do not know the exact size of the class, but it is reasonably estimated that the Class is composed of at least seventy-five thousand (75,000) persons/entities. While the identities of Class members are unknown at this time, this information can be readily ascertained through appropriate discovery of the records maintained by Defendants.

56.     The persons/entities in the Class are so numerous that the joinder of all such persons/entities is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

57.     This action involves common questions of law and fact, because each Class Member's claim derives from the same nucleus of facts and common relief by way of damages as is sought by Plaintiffs.

58.     The questions of law and fact common to the class members predominate over questions affecting only individual class members. Thus, proof of a common or single set of facts will establish the right of each member of the Classes to recover and include, but are not limited, to the following:

(a)     Whether Defendants' acts and conduct, as alleged herein, constitute 'consumer-oriented' activity.

(b)     Whether Defendants' acts and conduct, as alleged herein, caused harm to the public interest.

(c)     Whether Defendants' acts and conduct, as alleged herein, were misleading in a material way.

(d)     Whether Defendants' acts and conduct, as alleged herein, proximately resulted in injury to Plaintiffs and members of the Class.

(e)     Whether Defendants' acts and conduct, as alleged herein, constitute deceptive or unfair trade practices under N.Y. Gen. Bus. § 349;

59.     The claims asserted by Plaintiffs in this action are typical of the claims of other Class members, as the claims arise from the same course of conduct by Defendants and the relief sought is identical.

60.     Plaintiffs' claims are typical of the members of the Class, since all such claims arise out of the same business practices of Defendants, characterized by the permanent installation of DIRECTV system Equipment in or on roofs and/or exterior walls of MDUs, without paying consideration and in the absence of securing prior verbal or written permission therefor from the Plaintiffs-Landlords and putative class members.

61.     Plaintiffs have no interest(s) antagonistic to the interests of the other members of the Class.

62.     Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in Class action litigation.

63.     Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

64.     The Class, of which each Plaintiff is a member, is readily identifiable.

65.     A Class action is a superior and cost effective method for the fair and efficient adjudication of the present controversy and there would accrue enormous savings to both the Courts and the Class in litigating the common issues on a class wide, instead of on a repetitive individual basis.

66.     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

67.     A Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impractical. While the damages suffered by the individual Class members are not insignificant, the amounts are modest compared to the expense and burden of individual litigation.

68.     A Class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

69.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would (a) establish incompatible standards of conduct of Defendants in this action and (b) create the risk that adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

70.     Prosecution as a class action will eliminate the possibility of repetitious litigation.

## FIRST COUNT
### (Class Claims under N.Y. Gen. Bus. § 349)

71.    Plaintiffs incorporate all preceding paragraphs of this complaint as if fully set forth herein.

72.    Defendants' actions and conduct, as described herein, offends public policy as it has been established by statutes, the common law and otherwise.

73.    Defendants' actions and conduct, as described herein violates the Federal Communication Commission's Second Report and Order, In the Matter of Implementation of Section 207 of the Telecommunications Act of 1996, Restrictions on Over-the-Air Reception Devices,1998 WL 888546 (1998), 47 C.F.R. 1.4000(d).

74.    A tenant does not have direct or indirect control over the exterior walls or roof of an MDU, which are common or restricted areas, and therefore the Regulation does not authorize installation of satellite television equipment in those areas, without written consent of the Landlord.

75.    Defendants' actions and conduct, as described herein, tortiously interfered with and circumvented the terms and conditions of the leases and leasehold interests existing between Plaintiffs/members of the Class and their respective tenants.

76.    Defendants installed satellite dishes on the exterior and roofs of real property owned by Plaintiffs and members of the Class, without their consent and in accordance with a business practice that was designed to circumvent their right to withhold consent.

77.    Defendants have installed and subsequently abandoned dishes without landlord consent on numerous buildings in the State of New York.

78.    Defendants engage in a systematic practice designed to carry out commercial activities while avoiding their duties under the law; Defendants knew they may only install satellite dishes when they have owner consent, but they train their employees to subvert this requirement and to remain intentionally ignorant of whether such consent has been given. This is precisely the kind of deceptive and fraudulent business practice that New York General Business Law § 349 was broadly designed to remedy.

79.    Defendants' deceptive business practices succeed by exploiting the very lack of their direct business relationship with the actual property owners and by taking advantage instead of the pre-existing business relationship between tenants and landlords.

80.    Defendants have engaged as a regular course of business practice in the perpetration of a scheme to enrich themselves by means of victimizing and sacrificing the property interests of landlords to control what fixtures are installed on and remain on the landlords' property.

81.    Defendants' actions and conduct, as described herein demonstrated a reckless disregard of the exclusive possessory real property interests of Plaintiffs and Class members.

82.    Defendants' actions and conduct, as described herein were immoral, unethical, oppressive and unscrupulous.

83.    Defendants' actions and conduct, as described herein, constitute a material
deception and fraudulent business practice in violation of New York General
Business Law, §349.

84.    Defendants' actions and conduct, as described herein, have directly caused
Plaintiffs and members of the Class to have suffered ascertainable loss.

85.    Plaintiffs and members of the Class have suffered actual injury and loss as a
direct result of Defendants' violations of New York General Business Law, §349, in
that they have been compelled to incur costs and expenses to remove satellite dishes
from the exterior walls or roof of an RDU, which are in common or restricted areas.

86.    Plaintiffs and members of the Class have suffered actual injury and loss as a
direct result of Defendants' violations of New York General Business Law, §349, in
that they have been compelled to incur costs and expenses to repair areas of
exterior walls or roofs of an RDU, from which satellite dishes have been removed.

87.    Plaintiffs and members of the Class have suffered actual injury and loss as a
direct result of Defendants' violations of New York General Business Law, §349, in
that the fair market value of their real property has been caused to be diminished,
as a result of the unauthorized affixation of unsightly satellite dishes on exterior
walls or roofs of RDUs.

88.    Plaintiffs and members of the Class have suffered actual injury and loss as a
direct result of Defendants' violations of New York General Business Law, §349, in
that they have been compelled to incur the costs and expenses to retain legal
representation to protect their real property interests.

89.    As a proximate result of Defendants' continuing violations of New York General Business Law, §349. Defendants are liable to Plaintiffs and members of the Class for compensatory damages.

90.    As a proximate result of Defendants' continuing violations of New York General Business Law, §349. Defendants are liable to Plaintiffs and members of the Class for actual damages.

91.     As a proximate result of Defendants' continuing violations of New York General Business Law, §349, Defendants are liable to Plaintiffs and members of the Class for consequential damages.

92.    Punitive damages are expressly waived on behalf of the Class.

93.    As a proximate result of Defendants' continuing violations of New York General Business Law, §349, Defendants are liable to Plaintiffs and members of the Class for reasonable attorney's fees and the costs of this litigation.

94.    Plaintiffs and members of the Class are entitled to injunctive and other equitable relief, enjoining Defendants' continuing violations of New York General Business Law, §349, as alleged herein.

## SECOND COUNT
### (Individual Trespass Claims)

95.    Plaintiffs incorporate all preceding paragraphs of this complaint as if fully set forth herein.

96.    Defendants intentionally and knowingly installed DIRECTV system Equipment in or on roofs and/or exterior walls of an RDU located at 35 Katherine

Street, Locust Valley, New York 11560, without first securing the prior verbal or written permission from Plaintiff FRINTZILAS.

97.    Defendants intentionally and knowingly installed DIRECTV system equipment in or on roofs and/or exterior walls of an RDU located at 35 13th Street, Locust Valley, New York 11560, without first securing the prior verbal or written permission from Plaintiff FRINTZILAS.

98.    Defendants intentionally and knowingly installed DIRECTV system equipment in or on roofs and/or exterior walls of an RDU located at 10 Robert Road, Glen Cove, New York 11542, without first securing the prior verbal or written permission from Plaintiff FRINTZILAS.

99.    Defendants intentionally and knowingly installed DIRECTV system equipment in or on roofs and/or exterior walls of an RDU located at 12 Forest Avenue, Glen Cove, New York 11542, without first securing the prior verbal or written permission from Plaintiff FRINTZILAS.

100.    Defendants intentionally and knowingly installed DIRECTV system equipment in or on roofs and/or exterior walls of an RDU located at 1772 Hanover Street, Yorktown Heights, New York 10598, without first securing the prior verbal or written permission from Plaintiff POZZUTO.

101.    Defendants' acts and conduct were a physical invasion and intrusion affecting the exclusive possessory interest of the respective Plaintiffs, in their real property.

102.    Defendants knowingly and intentionally violated FCC rules and regulations by drilling holes in the exterior walls or roofs of Plaintiffs' RDUs and permanently

affixing DIRECTV Equipment thereto, without the prior verbal or written consent of Plaintiffs.

103. Defendants never paid either Plaintiff any type of monetary consideration, for the privilege of installing and/ or maintaining DIRECTV Equipment on the roofs and/or exterior walls of their RDUs.

104. Defendants refused to remove DIRECTV Equipment affixed to Plaintiffs' RDUs without their authorization/consent, despite multiple demands by Plaintiffs.

105. Defendants' unauthorized entry upon, use and occupancy of the above described RDUs owned by Plaintiffs, constitutes trespass.

106. Defendants' unauthorized entry upon, and unabated use and occupancy of the subject RDUs owned by Plaintiffs, constitutes continuing trespass.

107. Defendants are strictly liable to Plaintiffs for trespass.

108. As a proximate result of Defendants' trespass, Plaintiffs have sustained economic damage and pecuniary injury.

109. As a proximate result of Defendants' continuing trespass on Plaintiffs' RDUs, Defendants are liable to Plaintiffs for damages measured by the value of the illegal use of Plaintiffs' real property to DIRECTTV.

110. As a proximate result of Defendants' continuing trespass on Plaintiffs' RDUs, Defendants are liable to Plaintiffs for damages measured by the value of the illegal use of Plaintiffs' real property to MAS TEC.

111.   As a proximate result of Defendants' continuing trespass upon Plaintiffs' RDUs, Defendants are liable to Plaintiffs for damages for the costs to remove the DIRECTV Equipment and repair the exterior/roofs at the sites of affixation.

112.   Defendants' continuing trespass upon Plaintiffs' RDUs has been intentional, deliberate, with knowledge of a high degree of probability of harm to Plaintiffs and reckless indifference to the law.

113.   Defendants' continuing trespass upon Plaintiffs' RDUs offends public policy, as it has been established by statutes, the common law and otherwise; is immoral, unethical, oppressive, unscrupulous and demonstrates a reckless disregard of the exclusive possessory real property interests of Plaintiffs.

114.    Defendants are liable to Plaintiffs for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for Judgment as follows:

(a)   Certifying this case as a Class Action with Plaintiffs as Class representatives and their attorneys as Class counsel;

(b)   Awarding Judgment to Plaintiffs and all Class Members, for all available damages and other relief under the FIRST COUNT asserted;

(c)   Awarding Judgment to Plaintiffs, individually, for all available damages and other relief under the SECOND COUNT asserted;

(d)   Awarding Plaintiffs and members of the Class their costs and disbursements, including reasonable attorney's fees;

(e)     Awarding Plaintiffs and members of the Class pre-judgment and post-judgment interest;

(f)     Granting such other and further relief as may be deemed just and proper in the premises.

Dated: April 2, 2017

Steven Bennett Blau
Shelly A. Leonard
BLAU, LEONARD LAW GROUP, LLC
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010

sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiffs*